IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAM WELLS, #1398183 | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:11cv723 *Consolidated with* 4:11cv724 and 4:11cv725 |
| DIRECTOR, TDCJ-CID | § § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael William Wells, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court issued a Memorandum Opinion and Final Judgment denying the petition and dismissing his case. Petitioner then filed Objections, which the court construes as a motion for reconsideration.

### RULE 59(E)

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611

1

(5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, the motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). The instant motion was filed within 28 days of final judgment; thus, it is properly filed under Rule 59(e).

## DISCUSSION

In his motion, Petitioner complains that the undersigned was originally referred to the case as United States Magistrate Judge prior to being elevated to the position of United States District Judge. Petitioner asserts that, as the Magistrate Judge, the undersigned made findings, conclusions, and recommendations, and then adopted such findings "by entering an order of 'Final Judgment.'" He asserts that, since he did not provide consent to the Magistrate Judge, the undersigned lacked authority to enter Final Judgment in his case. Petitioner is mistaken. The undersigned, as United States District Judge, issued a Memorandum Opinion and Order denying the petition and dismissing

the case. The same day, the undersigned, as United States District Judge, issued Final Judgment. There is no violation of 28 U.S.C. § 636 nor is there an issue concerning "consent." All of Petitioner's concerns relating to this issue are meritless.

In his petition for writ of habeas corpus, Petitioner asserted he was entitled to relief based on ineffective assistance of counsel and because he was actually innocent. A review of the record shows that Petitioner failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 864 (1984). He failed to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065. Additionally, Petitioner failed to show that he provided new evidence in support of his actual innocence claim and that, by a preponderance of the evidence, he is actually innocent of the allegations. *House v. Bell*, 547 U.S. 518, 537, 126 S. Ct. 2064, 2077, 165 L. Ed.2d 1 (2006). Further, in each of his claims, Petitioner failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). Likewise, he failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). He failed to show that there was no reasonable

basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98, 131 S. Ct. 770, 784, 178 L. Ed.2d 624 (2011).

In sum, Petitioner fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) a manifest injustice. *Schiller,* 342 F.3d at 567; *Templet*, 367 F.3d at 479. Accordingly, it is

**ORDERED** that Petitioner's (Construed) Motion for Reconsideration (dkt #27) is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this 16th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE